MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiffs

**E-filing**

**FILED**
JAN 1 4 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIAH DACH, DECEASED, THROUGH HIS SUCCESSORS IN INTEREST, TIMOTHY DACH AND ELAINE DACH; TIMOTHY DACH, Individually; and ELAINE DACH, Individually,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF RICHMOND, a public entity, POLICE OFFICER LOUIE TIRONA, Individually, POLICE OFFICER JOHN BRUCE, Individually, POLICE OFFICER CHRISTOPHER DECIOUS, Individually, POLICE OFFICER GARD, Individually, and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | No: **C09-00171 JL**<br>Hon.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

COMPLAINT AND JURY DEMAND                                                        1

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN, for their Complaint against Defendants, state as follows:

## JURISDICTION

1. This is a civil rights wrongful death/survival action arising from Defendants' unreasonable seizure and use of excessive force against Uriah Dach, Deceased, on April 22, 2008, in the City of Richmond, Contra Costa County, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in the City of Richmond, Contra Costa County, California, and this action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff Timothy Dach is the father of decedent, Uriah Dach and a resident of the State of California. Plaintiff Timothy Dach brings these claims individually and as co-successor in interest for the Estate of Uriah Dach, Deceased.

4. Plaintiff Elaine Dach is the mother of decedent, Uriah Dach, and a resident of the State of California. Plaintiff Elaine Dach, brings these claims individually and as co-successor in interest for the Estate of Uriah Dach, Deceased.

5.  Each Plaintiff herein brings these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions. These claims are also brought individually and on behalf of Uriah Dach, Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

6.  Defendant City of Richmond is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Richmond Police Department ("RPD") which employs other defendants in this action.

7.  Defendant Police Officer Louie Tirona ("Tirona") at all material times was employed as a law enforcement officer by Defendant City of Richmond, and was acting within the course and scope of that employment. Defendant Tirona is being sued in his individual capacity.

8.  Defendant Police Officer John Bruce ("Bruce") at all material times was employed as a law enforcement officer by Defendant City of Richmond, and was acting within the course and scope of that employment. Defendant Bruce is being sued in his individual capacity.

9.  Defendant Police Officer Christopher Decious ("Decious") at all material times was employed as a law enforcement officer by Defendant City of Richmond, and was acting within the course and scope of that employment. Defendant Decious is being sued in his individual capacity.

10. Defendant Police Officer Gard ("Gard") at all material times was employed as a law enforcement officer by Defendant City of Richmond, and was acting within the course and scope of that employment. Defendant Gard is being sued in his individual capacity.

11. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the City of Richmond, and at all material times acted within the course and scope of that relationship.

12. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

13. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

14. The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Richmond Police Department.

15. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

16. Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

17. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## **GENERAL ALLEGATIONS**

18. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

19. This Complaint concerns the tragic death of Uriah Dach, a mentally ill person suffering from bipolar disorder, who was killed while in custody of the Richmond Police Department (RPD). On or about April 22, 2008, at approximately 3:30 am, Uriah Dach was watching his television in his bedroom at the group home where he was living. Mr. Dach obviously was a large, overweight man, weighing over 300 pounds. At this time, Defendant Officer Tirona arrived on the premises in response to a call made by Bennie York, another resident of the group home, who informed Defendant Tirona that the roommates in the house all suffered from some sort of mental illness. While Defendant Tirona was speaking with Ms. York, Mr. Dach came out of his bedroom and into the living room, where he saw Defendant Tirona and Ms. York. Mr. Dach told the two that he was upset, and, when asked to sit down on the couch, cooperated with Defendant Tirona. Mr. Dach reportedly asked Defendant Tirona if Defendant Tirona planned to make a report and

then asked Defendant Tirona if Defendant Tirona was lost. Mr. Dach then left the living room and went back into his bedroom, closing his door.

20. Defendant Tirona, determining that Mr. Dach was confused and suffered from mental illness at the time, decided to seize and detain Mr. Dach under Cal. W & I § 5150. Defendant Tirona called for at least two backup officers, specifically requesting an officer with a Taser. Shortly thereafter, Defendant Officers Decious and Bruce arrived at Mr. Dach's residence. Despite the fact that Mr. Dach remained quietly in his bedroom, Defendants Tirona, Decious and Bruce re-entered the home and, acting as a team, unreasonably decided to seize Mr. Dach and take him into custody using objectively unreasonable tactics and force under the circumstances.

21. Defendant Officers Tirona, Decious and Bruce at this time were aware that Mr. Dach was a mentally ill and Emotionally Disturbed Person, and were aware that Mr. Dach was behaving peacefully in his bedroom, having committed no crime. Acting as a team, Defendant Officers Tirona, Decious and Bruce used unreasonable and excessive force against Mr. Dach by entering his bedroom, Tasing him repeatedly, beating him severely with batons, and using other unreasonable force on him.

22. When Mr. Dach moved into his living room, Defendants Tirona, Decious and Bruce continued to use excessive and unreasonable force against Mr. Dach, including more Tasing, baton strikes, pepper spray, pointing a firearm at Mr. Dach, and other force.

23. Defendants Tirona, Decious and/or Bruce continued to strike Mr. Dach as he moved through his front door into his front yard, where Defendants forced Mr. Dach face down on the ground. Defendant Officers Tirona, Decious and Bruce then placed their weight on Mr. Dach's upper body and legs, where they remained for minutes while handcuffing him, and on information and belief, continued to strike Mr. Dach and use

extremely forceful control holds on him. Despite their knowledge of proper safety procedure regarding control holds, Defendant Officers Tirona, Decious and Bruce held Mr. Dach on his stomach for the duration of Mr. Dach's arrest and custody, and restricted Mr. Dach's ability to breathe. Defendant Officer Gard arrived on the scene and assisted Defendant Officers Tirona, Decious and Bruce in restraining and handcuffing Mr. Dach as described in this paragraph. As a result of Defendant Officers Tirona, Decious, Bruce and Gard's excessive and unreasonable force against him, and failure to follow proper safety procedures and generally accepted police procedures, Mr. Dach died.

24. At all material times, Uriah Dach behaved lawfully and peacefully. Mr. Dach never attempted to strike, and never struck, any officer in any manner. Mr. Dach merely tried to protect himself from the extreme and excessive force officers were using against him by attempting to move out of range from officers' attacks.

25. The type and amount of force Defendants used against Mr. Dach as described above, including multiple Taser shocks, multiple blows to Mr. Dach's head and body, improper control holds, and restriction of Mr. Dach's airways, neck, and back areas, amounted to the use of deadly force under the circumstances. The use of deadly force was not justified or lawful under the circumstances.

26. Alternatively, or concurrently, Defendants Tirona, Decious, Bruce and Gard's own excessive and unreasonable actions created a risk of harm to Uriah Dach, created the situation in which Defendants Tirona, Decious, Bruce and Gard decided to use deadly force, and caused an escalation of events leading to the death of Uriah Dach.

27. Defendant Tirona, Decious, Bruce and Gard's conduct herein, including but not limited to their decision(s) to seize Uriah Dach, the manner in which they conducted that seizure, their use of force including Taser, batons, pepper spray, strikes, and control

holds, their use of deadly force, and their other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the wrongful death of Uriah Dach.

28. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

29. Defendants' unreasonable seizure and use of excessive force against Plaintiff was done at least in part because of Plaintiff's disability and/or psychiatric condition.

30. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

   a. Wrongful death of Uriah Dach;

   b. Hospital and medical expenses;

   c. Coroner's fees, funeral and burial expenses;

   d. Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

   e. Loss of economic support;

   f. Violation of constitutional rights;

   g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

   h. Uriah Dach's loss of life, pursuant to federal civil rights law;

   i. Uriah Dach's conscious pain and suffering, pursuant to federal civil rights law;

## COUNT ONE
## -- 42 USC §1983 --
### ALL PLAINTIFFS AGAINST DEFENDANTS TIRONA, DECIOUS, BRUCE, GARD, AND DOES 1-10

31. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

32. By the actions and omissions described above, Defendants TIRONA, DECIOUS, BRUCE, GARD and DOES 1-10 violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

   d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

   e. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

33. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Uriah Dach) and others would be violated by their acts and/or omissions.

COMPLAINT AND JURY DEMAND                                                                 9

34. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 30, above.

35. The conduct of Defendants TIRONA, DECIOUS, BRUCE and DOES 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq., and other state and federal law.

36. Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**COUNT TWO**
**- 42 USC §1983 –**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF RICHMOND, AND DOES 1-10**

37. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

38. The unconstitutional actions and/or omissions of Defendants TIRONA, DECIOUS, BRUCE, GARD, and DOES 1-10, as well as other officers employed by or acting on behalf of Defendant City of Richmond, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the RPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for City of Richmond and the RPD:

    a. To use or tolerate the use of excessive and/or unjustified force;

    b. To use or tolerate the use of unlawful deadly force;

    c. To engage in or tolerate unreasonable seizures;

    d. To fail to use appropriate and generally accepted law enforcement procedures for handling mentally ill and/or emotionally disturbed persons;

    e. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control holds and arrest techniques;

  f. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling mentally ill and/or emotionally disturbed persons;

  g. To cover-up violations of constitutional rights by any or all of the following:

   i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill and/or emotionally disturbed persons;

   ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

   iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

  h. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

  i. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

39. Defendants City of Richmond and Does 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants TIRONA, DECIOUS, BRUCE, GARD and DOE Defendants, and other RPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

40. The unconstitutional actions and/or omissions of Defendants DOES 1-10, and other RPD personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the RPD. Plaintiffs are informed and believe, and thereupon

allege, the details of this incident have been revealed to the authorized policy makers within City of Richmond and the RPD, and that such policy makers have direct knowledge of the fact that the seizure and death of Uriah Dach was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within City of Richmond and the RPD have approved of Defendants Tirona, Decious, Bruce and Gard's unreasonable seizure of Uriah Dach, and have made a deliberate choice to endorse Defendants Tirona, Decious, Bruce, and Gard's killing of Uriah Dach, and the basis for that killing. By so doing, the authorized policy makers within City of Richmond and the RPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

41. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants City of Richmond and Does 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 30, above.

42. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

43. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of Richmond and Does 1-

10 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 33-36, above, and punitive damages against Defendants Tirona, Decious, Bruce, Gard, and DOES 1-10 in their individual capacities.

## COUNT THREE
## -- VIOLATION OF CIVIL CODE §52.1 --
## ALL PLAINTIFFS AGAINST ALL DEFENDANTS

44. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

45. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

    f. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

  g. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

  h. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

  i. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

46. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 33-36, and punitive damages against Defendants Tirona, Decious, Bruce, Gard, and Does 1-10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

**COUNT FOUR**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

47. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

48. By their acts, omissions, customs, and policies, Defendants Tirona, Decious, Bruce, Gard, Does 1-10, and City of Richmond, acting in concert/conspiracy, as described above, violated Plaintiffs' rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against Uriah Dach, because of his disability, psychiatric condition, or other protected characteristic.

49.     As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at paragraphs 33-36, and all damages allowed by California Civil Code §§52, 51.7, and California law, not limited to attorney fees, costs, treble damages, and civil penalties.

**COUNT FIVE**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

50.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

51.     At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52.     At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

53.     These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

    a.   to refrain from using excessive and/or unreasonable force against Uriah Dach;

    b.   to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c.   to use generally accepted police procedures and tactics that are reasonable and appropriate for Plaintiff's status as a mentally ill and/or emotionally disturbed person;

    d.   to refrain from abusing their authority granted them by law;

    e.   to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

54. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants City of Richmond and Does 1-10, include but are not limited to the following specific obligations:

    a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'.

    c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 38, above.

55. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

56. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 33-36, and punitive damages against Defendants Tirona, Decious, Bruce, Gard, and Does 1-10 in their individual capacities.

## COUNT SIX
## -- ASSAULT AND BATTERY --
## ALL PLAINTIFFS AGAINST ALL DEFENDANTS

57. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

58. The actions and omissions of Defendants Tirona, Decious, Bruce, Gard, and Does 1-10 and City of Richmond as set forth above constitute assault and battery.

59. As a direct and proximate result of Defendants' assault and battery of Uriah Dach, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth

above at paragraphs 33-36, and punitive damages against all Defendants in their individual capacities.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.    punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, and as otherwise may be allowed by California and/or federal law;

    d.    Declaratory and injunctive relief, including but not limited to the following:

        i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

        ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for stopping and detaining individuals, particularly mentally ill and/or Emotionally Disturbed Persons;

        iii.    an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

        iv.    an order requiring Defendants to train all RPD law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

|  |  |  |
|---|---|---|
| 1 | v. | an order requiring Defendants to train all RPD Officers concerning generally accepted and proper tactics and procedures for handling mentally ill and/or emotionally disturbed persons and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above; |
| 2 |  |  |
| 3 |  |  |
| 4 |  |  |
| 5 | e. | such other and further relief as this Court may deem appropriate. |

DATED: January 14, 2009                        HADDAD & SHERWIN

/s/
JULIA SHERWIN
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby request a trial by jury.

DATED: January 14, 2009

                                  HADDAD & SHERWIN

                                  /s/
                                  JULIA SHERWIN
                                  Attorneys for Plaintiff